United States District Court
Southern District of Texas

**ENTERED**

May 04, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| ANWAR SANDAL ATEEM JOKO, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:25-CV-00280 |
| | § | |
| WARDEN, Webb County Detention | § | |
| Center, *et al.*, | § | |
|     Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, (Dkt. No. 1), and Respondents' Motion to Dismiss as Moot, (Dkt. No. 32). While the case has been pending, Petitioner's application for Temporary Protected Status was granted, and he is no longer detained in federal custody. (Dkt. No. 32). Respondents now request that the petition be dismissed as moot. (*Id.*). For the reasons stated below, Respondents' motion to dismiss is granted.

The instant petition was brought under 28 U.S.C. § 2241, which provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c) (emphasis added). Generally, the Court's jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). In the Section 2241 context, if a petitioner is not in the physical custody of immigration officials, and there are no known restrictive conditions on his liberty, then the petition is moot. *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005) (explaining that Section 2241's "in custody" requirement extends beyond physical custody to also include other restraints on liberty).

Petitioner is a citizen of Sudan. (Dkt. No. 1 at 4). On May 3, 2023, he arrived at a port of entry, was processed by immigration officials, and released on parole. (*Id.* at 5). Petitioner filed the instant petition for a writ of habeas corpus, challenging his detention

in federal immigration custody. (Dkt. No. 1). He asserted that his detention violated his rights under the Fifth Amendment as well as the Immigration and Nationality Act.

While the petition was pending, Petitioner was granted Temporary Protected Status. (Dkt. Nos. 30, 31). Based on this form of immigration relief, Petitioner was subsequently released. (Dkt. No. 32); *see also* 8 U.S.C. § 1254a(d)(4).

The Court finds that the petition must be dismissed as moot. Here, Petitioner is no longer in custody within the meaning of 28 U.S.C. § 2241(c). *See*, 426 F.3d at 735. He is not in physical custody of Respondents, and there are no restrictive conditions on his liberty at this time. As such, the Court finds no reason to believe that there is a live controversy remaining after Petitioner's release, and the Court therefore has no jurisdiction. Respondents' motion to dismiss is granted.

For the foregoing reasons, Respondents' Motion to Dismiss as Moot, (Dkt. No. 32), is **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **DENIED WITHOUT PREJUDICE** as moot.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on May 4, 2026.

_____
John A. Kazen
United States District Judge